[No. 14131.  Department One.  October 10, 1917.]

ALEXANDER L. PETERS et al., Respondents, v. UNION GAP IRRIGATION DISTRICT, Appellant.[1]

APPEAL—PRESERVATION OF GROUNDS—EXCEPTIONS TO INSTRUCTIONS. In the absence of exceptions to or requests for instructions, those given become the law of the case, and are not subject to review.

WATERS AND WATER COURSES—IRRIGATION DISTRICTS—CAPACITY TO BE SUED—STATUTES. An irrigation district organized under Rem. Code, § 6416, is a municipal corporation that may be sued for breach of contract to deliver water, in view of Id., § 6429, giving its board of directors power to institute any and all actions, and sue, appear, and defend in person in the name of the district.

SAME—IRRIGATION—CONTRACT FOR SUPPLY—CONSTRUCTION BY PARTIES. A contract by an irrigation district to furnish water, "during the irrigation season commencing on the first day of April hereafter and ending on the last day of October," which was executed May 31, 1915, and acknowledged July 6, 1915, covers service during the season of 1915, where the parties so construed it by payment and acceptance of the maintenance fee for 1915 and undertaking delivery of water.

[1]Reported in 167 Pac. 1085.

Appeal from a judgment of the superior court for Yakima county, Grady, J., entered June 3, 1916, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for damages. Affirmed.

*A. W. Severance* and *Thos. H. Wilson*, for appellant.

*J. Vincent Roberts* and *John F. Chesterley*, for respondents.

MAIN, J.—The purpose of this action is to recover damages for the failure of the defendant to furnish the plaintiffs the amount of water, during the irrigation season for the year 1915, which they claimed they were entitled to. The cause was tried to the court and a jury, and resulted in a verdict in favor of the plaintiffs in the sum of $615. From this judgment, the defendant appeals.

The facts are these: The appellant is a corporation organized under Rem. Code, § 6416, and the succeeding sections of the chapter which pertain to the organization of irrigation districts. The respondents are the owners of land within the district. During the irrigation season for 1915, the respondents claim that they did not receive the amount of water which they were entitled to under their contract with, or deed from, the appellant, and as a result thereof, their fruit trees and crops were damaged. As above stated, the cause was tried to a jury. The record contains no exceptions to the charge of the trial court to the jury, or to the refusal to give requested instructions. The instructions given, therefore, become the law of the case and are not here for review. This rule is so well established that the assembling of the cases is unnecessary.

The appellant's principal contention, apparently, is that a corporation organized under the above-mentioned statute cannot be sued in an action seeking to recover damages for the failure to supply the amount of water which such corporation contracted to furnish. In the case of *Board of*

*Directors of Middle Kittitas Irr. Dist. v. Peterson*, 4 Wash. 147, 29 Pac. 995, it was held that an irrigation district was not a municipal corporation within the meaning of § 6 of article 8 of the constitution, which puts a limit upon the indebtedness that can be incurred by "county, city, town, school district, or other municipal corporation." In *Brown Brothers v. Columbia Irr. Dist.*, 82 Wash. 274, 144 Pac. 74, it was held that an irrigation district is a municipal corporation within the meaning of Rem. & Bal. Code, § 1160, providing that, if any board of county commissioners of any county, or mayor and common council of any incorporated city or town, or tribunal transacting the business of any municipal corporation shall fail to take such bond as required by the statute, such county, incorporated city or town, or other municipal corporation, shall be liable to the person furnishing labor, supplies or material. It was there said that the doctrine of the *Peterson* case should not be extended beyond its terms. There can be no doubt that irrigation districts are municipal corporations with such powers as are conferred upon them by statute. Section 6429, Rem. Code, gives express authority to the board of directors of an irrigation district "to institute and maintain any and all actions and proceedings, suits at law or in equity, necessary or proper in order to fully carry out the provisions of this chapter, or to enforce, maintain, protect, or preserve any and all rights, privileges, and immunities created by this chapter, or acquired in pursuance thereof;" adding "and in all courts, actions, suits, or proceedings, the said board may sue, appear, and defend, in person, or by attorney, and in the name of such irrigation district."

In *Boehmer v. Big Rock Irr. Dist.*, 117 Cal. 19, 48 Pac. 908, the supreme court of California, construing a statute in identical terms, held that the district was subject to an action to the same extent as it would have been had the statute used the more common expression "to sue and be sued." It was there said:

"This language is quite as effective to subject the district to an action as the more common expression 'to sue and be sued.' "

In *Hewitt v. San Jacinto & P. V. Irr. Dist.*, 124 Cal. 186, 56 Pac. 893, the plaintiff sought to recover damages to crops and trees because the district had not supplied the amount of water it had contracted to, and damages were sustained thereby. It was there held that the plaintiff was entitled to a judgment for the amount of damages which were the result of the defendant's fault in failing to supply water. There can be no good reason why an irrigation district, when it contracts to supply water for irrigation purposes and fails to furnish the amount of water covered by the contract, should not be subject to an action for damages for the loss which the water user has sustained by reason of the district's fault. The case of *Cooney v. Town of Hartland*, 95 Ill. 516, cited by the appellant, is not applicable to the situation here presented.

The appellant also claims that, since the deed or contract under which the respondents claim was not executed until the 31st day of May, 1915, and was acknowledged by the respondents on the 1st of July, and by the appellant on the 6th of July, 1915, and since this deed or contract specifies the amount of water "during the irrigation season commencing on the first day of April of each year hereafter and ending on the last day of October," the appellant was not required to supply water during the year 1915. The objection to this contention is that the parties to the instrument construed it otherwise. The respondents had paid, and the appellant had accepted, their maintenance fee for the year 1915. The appellant had recognized their right to the water and had undertaken to supply it. From the evidence in the record, the jury had a right to conclude that the respondents did not receive the amount of water which they were entitled to, and that their trees and crops were damaged thereby.

There are some other minor questions suggested in the briefs, but since the cause was tried to a jury and was submitted by instructions which are not subject here to review, it may be said that we find no merit in these assignments.

The judgment will be affirmed.

ELLIS, C. J., MOUNT, CHADWICK, and MORRIS, JJ., concur.