[No. 21140.   Department Two.   October 3, 1928.]

COLUMBIA IRRIGATION DISTRICT, *Appellant,* v. BENTON
COUNTY *et al., Respondents.*[1]

*M. M. Moulton,* for appellant.

*Geo. O. Beardsley,* for respondents.

*The Attorney General, B. B. Adams, Assistant,* and
*Williamson & La Berge, amici curiae.*

MAIN, J.—The plaintiff, an irrigation district,
brought this action to restrain the collection of gen-
eral taxes upon farm property within the boundaries
of the district the title of which was in the district.
To the complaint a demurrer was interposed and sus-
tained.   The plaintiff elected to stand upon its de-
murrer and refused to plead further.   Judgment was
entered dismissing the action, from which plaintiff
appeals.

[1]Reported in 270 Pac. 813.

By reason of the failure of certain owners of property within the boundaries of the appellant district to pay their assessments, title was acquired as provided by statute by the district. Thereafter, general taxes were levied upon this property, and the present action, as stated, is to restrain their collection.

The first question is whether land property within an irrigation district, the title of which is in the district, is subject to general taxes. Section 2 of art. 7 of the Constitution of this state, after stating that the legislature shall provide by law a uniform and equal rate of assessment and taxation on all the property of the state, according to its value in money, and shall prescribe such regulation by general law as shall secure a just valuation for taxation of all property, provides:

"That the property of the United States and of the state, counties, school districts, and other municipal corporations, . . . shall be exempt from taxation."

The precise question is whether irrigation districts are within the designation of "other municipal corporations." A municipal corporation, in its strict and proper sense, is a body politic established by law partly as an agency of the state to assist in the civil government of the country but chiefly to regulate and administer the local and internal affairs of the city, town or district which is incorporated. Sometimes the term municipal corporation is used in a broader sense and includes public quasi corporations, the principal purpose of whose creation is an instrumentality of the state, but not for the regulation of local and special affairs of a compact community. Dillon on Municipal Corporations (5th ed.), vol. 1, §§ 31 and 32.

In *Board of Directors v. Peterson,* 4 Wash. 147, 29

Pac. 995, it was held that an irrigation district was not a municipal corporation, within the meaning of art. 8, § 6, of the Constitution which provides that no county, city, town, school district, or "other municipal corporation" shall for any purpose become indebted in any manner to an amount exceeding one and one-half per centum of the taxable property therein without the assent of three-fifths of the voters therein voting at an election to be held for that purpose. It was there said:

"It does not follow, however, that every corporation, which may be constituted by the state as an agency in the performance of some public or quasi-public duty, comes within said definition. One of the essentials of a municipal corporation is that for the purposes for which it is organized it must affect all within its boundaries alike, and this is true even although such corporation is constituted for a single purpose; for instance, a school district, though organized only for the purpose of providing means and furnishing facilities for the education of its children, yet affects all the taxpayers of such district alike. The same may be said of a county. It has only limited powers, it is true, but those powers are to be exercised in the interest of all the inhabitants of the county alike. Such is not the case with corporations formed under the provisions of the act in question, for, while it is true that its powers and privileges are subject to the will of the majority of the electors therein, yet when it acts thereunder it does not equally affect all of its inhabitants. The act does not provide that its purposes shall be carried out by means of a tax on all the property within the district, but on the contrary expressly limits it to the real estate situated therein, and which is judged to be benefited by the improvement contemplated. It will thus be seen that even if we are to hold that every corporation which the legislature sees fit to make use of for the purpose of aiding in the government of any district or locality, or providing for the inhabitants thereof, any right

or privilege common to them all, were municipal corporations within the inhibition of said constitutional provision, yet it would not follow that corporations of the kind contemplated by this act were also municipal corporations. The powers conferred upon these irrigation districts are not primarily that of government or regulation, or even of taxation, though such are conferred to a limited degree as necessarily incident to the main power conferred. The primary and main power thus conferred is that of local improvement of the real estate therein for the benefit of its owners, and at their expense. In one sense the district thus constituted is not a public corporation at all; its object has no connection with any of the public duties which the state owes to its inhabitants. In a certain sense it is only the purely private interest of the freeholders that is sought to be subserved.''

In the case of *In re Riverside Irrigation District,* 129 Wash. 627, 225 Pac. 636, it was held that an irrigation district was not a public or quasi-municipal corporation possessing such powers and functions as to prohibit one district from overlapping the territory of another district. In that case the prior cited case was referred to and quoted from with approval, after which it was said:

''This was said when irrigation districts came nearer possessing power of general taxation than they do now. Since then this court has recognized irrigation districts as municipal corporations, using that term in a limited sense, meaning only that they are legal entities of that nature for certain limited purposes.

''As already suggested, we think it needs nothing more than a casual reading of the statutes above referred to to demonstrate that these irrigation districts are limited in their power to the construction of works and the acquisition and furnishing of water for irrigation of lands within their respective territorial limits looking to the increasing of the productiveness of such lands. It is argued, however, in sup-

port of the view that these irrigation districts are municipal corporations in a larger sense than we have suggested, that they possess general taxing power; that is, power to levy taxes without regard to proportional benefits flowing to private property within the district, as well as taxation by local special assessments burdening property in proportion to benefits. Are we in error in assuming that this is not so? The nature of the revenue producing power of these irrigation districts, in so far as they have authority to burden private property within their territorial limits, is found in the following provision of § 7436, Rem. Comp. Stat. (P. C. § 3214.)

" 'Assessments made in order to carry out the purposes of this act shall be made in proportion to the benefits accruing to the lands assessed and equitable credit shall be given to the lands having a partial or full water right: . . . '

"By further provisions of that section and some others following, the method of levying such assessments is prescribed, which includes an opportunity on the part of the owners of the property sought to be so assessed to be heard before a final determination and apportionment of the amount of such assessments against the several benefited private properties within the district; all much like the usual levying of special assessments for local improvements. We find nothing in the statute as it now exists or has existed since 1915 conferring upon irrigation districts any general power of taxation, apart from the consideration of benefits."

In each of those cases the question as to whether an irrigation district was a municipal corporation such as is referred to in the constitution was before the court and in each it was distinctly held not to be such.

In the cases of *Peters v. Union Gap Irrigation District,* 98 Wash. 412, 167 Pac. 1085, and *State ex rel. Clancy v. Columbia Irrigation District,* 121 Wash. 79, 208 Pac. 27, there is general language referring to irrigation districts as municipal corporations. In each of those cases the court was considering a func-

tion which is necessary to the existence of a municipal corporation in the strict and proper sense; in the one, the right to sue and be sued; and in the other, the right to make contracts. It was only in relation to these two functions that it was said that irrigation districts were municipal corporations. It would have been more accurate to have said that irrigation districts are agencies of the state created by the legislature for certain definite purposes and that they might be considered quasi-municipal corporations. *City of Nampa v. Nampa & Meridian Irrigation Dist.*, 19 Idaho 779, 115 Pac. 979; *Colburn v. Wilson,* 23 Idaho 337, 130 Pac. 381. In the case last cited, it is said:

"In the second place, the irrigation district is a quasi-municipal corporation organized for the specific purpose of providing ways and means of irrigating lands within the district and maintaining an irrigation system for that purpose." (Citing authorities.)

The fact that the legislature may confer upon irrigation districts powers which are essential to the existence of a municipal corporation in the strict and proper sense does not necessarily make those districts municipal corporations in the general sense. The legislature might confer upon municipal corporations in the strict and proper sense, as has been done, powers which are not strictly municipal or necessary to the existence of a municipal corporation, but this would not make the corporation other than municipal.

The cases of *Brown Brothers v. Columbia Irrigation Dist.*, 82 Wash. 274, 144 Pac. 74; *Whitten v. Silverman,* 105 Wash. 238, 177 Pac. 737, and *Burbank Irrigation Dist. v. Douglass,* 143 Wash. 385, 255 Pac. 360, all have to do with the construction of statutes and not with the constitutional provisions. There is general language in some of those cases that would indicate that irrigation districts should be considered

municipal corporations within the language of the constitution; but this general language, not being necessary to the decision of the particular case, cannot be said to modify or overrule the definite holding in the two cases which held when the question was exactly presented that irrigation districts are not municipal corporations within the strict and proper sense but are only such in a limited sense or quasi-municipal corporations.

Coming now to the language of the constitution immediately before us, we are of the opinion that "other municipal corporations" does not include irrigation districts and thereby exempt land property owned by the district from general taxation. The constitution provides that the property of the United States, the state, counties, school districts and other municipal corporations shall be exempt from taxation. Reading the language "other municipal corporations" in connection with what immediately precedes it, it seems clear that the framers of the constitution did not intend to include within that exemption irrigation districts which are not municipal corporations in the strict and proper sense, but are corporations which are organized primarily for the benefit of the property owners within the district, and which have no civic governmental powers or functions. It is unnecessary here to repeat the reasoning in *Board of Directors v. Peterson,* and *In re Riverside Irrigation Dist., supra.*

If the meaning of the language used were doubtful, the same result would be reached, because taxation is the rule and exemption is the exception, and where there is an exception, the intention to make one should be expressed in unambiguous terms. In *State v. Board of Trustees of Las Vegas,* 28 N. M. 237, 210 Pac. 101, it was said:

"That taxation is the rule and exemption the exception; that the intention to make an exemption ought to be expressed in clear and unambiguous terms; and that exemptions should not be sustained unless within the express letter or necessary scope of the provisions." (Citing authorities.)

The other contention of the appellant is that the land owned by the district is the property of the state and therefore exempt from taxation. We find nothing in the legislative enactments with reference to irrigation districts which would justify the holding that, where title to property is in the irrigation district, it is the property of the state.

The case of *Reclamation District No. 551 v. Sacramento County,* 134 Cal. 477, 66 Pac. 668, had to do with the operating property of an irrigation district such as canals, drains, embankments and other works necessary to reclamation, and it was there held that such property was exempt from taxation under a provision of the constitution of the state of California exempting from taxation property owned by the state. The question is not now before us as to whether the operating property of an irrigation district of this state is subject to general taxation, and we express no opinion upon that question. Neither do we express any opinion upon the question of whether the legislature has the power to exempt the property of an irrigation district from taxation.

We only hold in this case that the property within an irrigation district the title to which is in the district is not exempt from taxation under the section of the constitution above referred to.

The judgment will be affirmed.

FULLERTON, C. J., TOLMAN, BEALS, and ASKREN, JJ., concur.