# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STEVEN KLEIN, INC., d/b/a KLEIN HONDA, | ) ) ) | No. 71663-8-I |
| Appellant, | ) ) | DIVISION ONE |
| v. | ) ) | PUBLISHED OPINION |
| STATE OF WASHINGTON, DEPARTMENT OF REVENUE, | ) ) ) | FILED: November 3, 2014 |
| Respondent. | ) ) ) | |

APPELWICK, J. — Klein Honda is a car dealership in Washington. Dealer cash is an incentive payment that Klein Honda receives from the manufacturer for selling specified vehicle models during specified periods of time. The sole issue on appeal is whether dealer cash is subject to Washington's B&O tax. We hold that it is and affirm the decision of the Board of Tax Appeals.

## FACTS

Steven Klein Inc., doing business as Klein Honda, operates an automobile dealership in Everett, Washington. Klein Honda is an independent franchisee of American Honda Motor Company Inc. Klein Honda purchases vehicles at wholesale from American Honda and sells them to customers at retail. It also sells used vehicles, provides maintenance and repair services, and sells parts and accessories.

When Klein Honda sells a new vehicle to a customer, it communicates the sale to American Honda through an electronic form. The form includes the vehicle identification number, the names of Klein Honda personnel associated with the sale, the name and address of the customer, and information about the type of financing. According to Klein Honda's general manager, "This is how American Honda knows who bought what product and also starts the warranty clock."

American Honda also makes regular payments and credits to Klein Honda, which are reflected in a monthly balance forward statement. These payments include a marketing allowance credit for Klein Honda's advertising, as well as a fuel charge credit for Klein Honda providing a full tank of gas to customers when they purchase a vehicle. They also include holdbacks, which are a percentage of the manufacturer's suggested retail price that American Honda credits Klein Honda in the month following the wholesale purchase. These payments are reflected in the vehicle invoice and are automatic: Klein Honda does not have to do anything to receive the payments other than purchase the vehicle from American Honda.

American Honda also periodically offers an incentive program called "dealer cash" to its dealers, including Klein Honda. Under the dealer cash program, American Honda offers dealers a specified amount of cash for each sale they make of a particular Honda model during a specified period of time. American Honda issues marketing bulletins to dealers to announce the dealer cash incentive programs. For example, a marketing bulletin from 2003 offered $1,000 in dealer cash for each sale of 2003 Honda Insight models from April 1, 2003 to June 2, 2003.

The marketing bulletins provide substantial detail about which vehicles and which vehicle sales qualify for the incentive payment. The bulletins also specify the records dealers must keep and actions they must take to receive the incentive payment. For instance, dealers must conduct a self-audit at the conclusion of each dealer cash program and verify by signed affidavit that all listed vehicle sales meet the eligibility requirements for the program.

The owner, Steven Klein, stressed the need for dealers to comply with each requirement set forth in the marketing bulletin in order to be eligible for dealer cash: "And basically what you want to do is you read these backwards and forwards, because this is our contract with the factory to get our money, and if we don't do everything to the letter of these bulletins they can say, we're not going to give you the dealer cash." Klein Honda's general manager also described the marketing bulletin as a "conditional offer." At times, Klein Honda made sales of specified models during specified periods, but did not meet the requirements of the marketing bulletin, and therefore did not receive dealer cash for those sales.

The dealer cash program is designed to stimulate sales of the specified models. The number of dealer cash programs that American Honda offers is not guaranteed, but rather depends on market climate. If the market becomes challenged or a competitive product is viewed as comparable, American Honda will offer more dealer cash programs to keep the product selling. American Honda compensates Klein Honda for making qualified dealer cash sales by issuing a credit to Klein Honda's monthly balance forward statement.

On October 11, 2007, the Washington State Department of Revenue (Department) Audit Division assessed Klein Honda $16,963 in business and occupation (B&O) tax for the audit period January 1, 2003 through December 31, 2006. During that time, Klein Honda received $1,037,450 in dealer cash from American Honda.

Klein Honda paid the assessment, but petitioned the Department's appeals division for a refund. Klein Honda argued that dealer cash represents a discount or reduction in its cost of purchasing the vehicles from American Honda. Thus, Klein Honda asserted, dealer cash is not income derived from business activities. The appeals division disagreed and upheld the assessment in a final determination issued on August 19, 2010. It explained that dealer cash "is a payment to the Dealer for certain action: the sale of a particular car model within a specific timeframe. This award was not part of the negotiated price; in other words, it was not contemplated at the time the Dealer purchased the vehicle from the manufacturer."

Klein Honda sought review from the Board of Tax Appeals (Board). The Board entered an initial decision affirming the Department's tax assessment. It concluded that a "taxpayer engaged in any business activity not specifically set forth in chapter 82.04 RCW shall be taxed at a rate of 1.5 percent. There is no separate B&O tax." The Board further concluded that under the statutory definition of gross income of business, a "taxpayer can have taxable income from business activity without providing any specific services." Therefore, "Klein Honda is liable under the statutes of the state to pay B&O tax on amounts received during the audit period from the manufacturer denominated as dealer cash." Klein Honda did not petition the Board for further review, and so the initial decision became final after 20 days. WAC 456-09-930.

4

Klein Honda then petitioned Thurston County Superior Court for review. The superior court affirmed the Board's decision on July 19, 2013. Klein Honda appealed.

## DISCUSSION

The issue on appeal is whether dealer cash is subject to the B&O tax. Klein Honda characterizes the issue as "whether dealer cash is a rebate that reduces the dealer's vehicle cost, in which case it is not taxable, or whether dealer cash is a payment for service." We address this argument in two parts. First, we consider Klein Honda's argument that dealer cash is not taxable, because it is simply a payment and not a business activity or extra service apart from selling vehicles. Second, we address Klein Honda's alternative argument that dealer cash is not taxable, because it is an adjustment or bona fide discount to the wholesale purchase price of the vehicles.

I.   Dealer Cash Is a Business Activity Subject to the B&O Tax

We sit in the same position as the superior court and review the record before the administrative agency, not the record before the superior court. Valley Fruit v. Dep't of Revenue, 92 Wn. App. 413, 417, 963 P.2d 886 (1998). The Administrative Procedure Act (APA), chapter 34.05 RCW, governs our review of the Board's decision. RCW 82.03.180. The appealing party bears the burden of demonstrating the invalidity of the Board's actions. Olympic Tug & Barge, Inc. v. Dep't of Revenue, 163 Wn. App. 298, 306, 259 P.3d 338 (2011), review denied, 173 Wn.2d 1021, 272 P.3d 850 (2012). A party appealing a Board order may do so on nine different grounds under RCW 34.05.570(3), including (d) erroneous interpretation or application of the law. Id.

5

Statutory interpretation is a question of law. Id. We review questions of law de novo, but give substantial weight to the agency's interpretation of the statutes it administers. Everett Concrete Prods., Inc. v. Dep't of Labor & Indus., 109 Wn.2d 819, 823, 748 P.2d 1112 (1988). Our primary duty in construing a statute is to ascertain and carry out the legislature's intent. Lake v. Woodcreek Homeowners Ass'n, 169 Wn.2d 516, 526, 243 P.3d 1283 (2010). In doing so, the language at issue must be evaluated in the context of the entire statute. Simpson Inv. Co. v. Dep't of Revenue, 141 Wn.2d 139, 149, 3 P.3d 741 (2000). We avoid interpretations that are strained, unlikely, or unrealistic. Id.

The B&O tax code, chapter 82.04 RCW, provides an "extremely broad and all-inclusive tax scheme" in Washington. Budget Rent-A-Car of Washington-Oregon, Inc. v. Dep't of Revenue, 81 Wn.2d 171, 175, 500 P.2d 764 (1972). It taxes "the gross revenues received in the course of doing business." Id. at 173. Taxation is the rule and exemption is the exception. TracFone Wireless, Inc. v. Dep't of Revenue, 170 Wn.2d 273, 296-97, 242 P.3d 810 (2010). "[W]here there is an exception, the intention to make one should be expressed in unambiguous terms." Id. at 297 (quoting Columbia Irrig. Dist. v. Benton County, 149 Wn. 234, 240, 270 P. 813 (1928)). Therefore, we construe ambiguous provisions strictly, though fairly, against the taxpayer. Grp. Health Coop. of Puget Sound, Inc. v. Wash. State Tax Comm'n, 72 Wn.2d 422, 429, 433 P.2d 201 (1967).

In adopting our state's B&O tax system, "'the legislature intended to impose the business and occupation tax upon virtually all business activities carried on within the state.'" Simpson, 141 Wn.2d at 149 (quoting Time Oil Co. v. State, 79 Wn.2d 143, 146,

6

483 P.2d 628 (1971)). This is evidenced by the "sweeping language," id., of RCW 82.04.220, which states:

> There is levied and collected from every person that has a substantial nexus with this state a tax for the act or privilege of engaging in business activities. The tax is measured by the application of rates against value of products, gross proceeds of sales, or gross income of the business, as the case may be.

"Engaging in business" is broadly defined and means "commencing, conducting, or continuing in business." RCW 82.04.150. RCW 82.04.140 provides even greater breadth by defining "business" as "all activities engaged in with the object of gain, benefit, or advantage to the taxpayer or to another person or class, directly or indirectly." See Simpson, 141 Wn.2d at 149.

The specific B&O tax rate is then "measured by the application of rates against value of products, gross proceeds of sales, or gross income of the business, as the case may be." RCW 82.04.220(1). "Gross income of the business" means:

> the value proceeding or accruing by reason of the transaction of the business engaged in and includes gross proceeds of sales, compensation for the rendition of services, gains realized from trading in stocks, bonds, or other evidences of indebtedness, interest, discount, rents, royalties, fees, commissions, dividends, and other emoluments however designated, all without any deduction on account of the cost of tangible property sold, the cost of materials used, labor costs, interest, discount, delivery costs, taxes, or any other expense whatsoever paid or accrued and without any deduction on account of losses.

RCW 82.04.080(1). "Value proceeding or accruing" is defined as "the consideration, whether money, credits, rights, or other property expressed in terms of money, actually received or accrued." RCW 82.04.090.

7

The Department imposed the tax on dealer cash at a rate under RCW 82.04.290(2), which states, in pertinent part:

> (a) Upon every person engaging within this state in <u>any business activity</u> other than or in addition to an activity taxed explicitly under another section in this chapter or subsection (1) or (3) of this section; as to such persons the amount of tax on account of such activities is equal to the gross income of the business multiplied by the rate of 1.5 percent.
>
> (b) This subsection (2) includes, among others, and without limiting the scope hereof . . . , persons engaged in the business of rendering any type of service which does not constitute a "sale at retail" or a "sale at wholesale."

(Emphasis added.) Klein Honda does not claim that dealer cash is not taxable under this section because it is taxable under another section of the chapter. This case is not about an incorrect rate. Rather, Klein Honda argues that there is no business activity defined in the chapter to trigger any applicable rate. Specifically, Klein Honda asserts that some additional service—beyond the mere retail sale of vehicles—must be provided to constitute a taxable business activity.

We disagree with Klein Honda that dealer cash needs to represent compensation for an additional service to be taxable. Rather, the B&O tax applies to gross income of business. See Budget Rent-A-Car, 81 Wn.2d at 173. The definition of "gross income of the business" demonstrates that this includes many activities that are not services, such as interest, royalties, dividends, and other emoluments. Likewise, RCW 82.04.290(2) nowhere requires an additional service for the 1.5 percent tax rate to apply. Rather, receiving income from providing services is sufficient, but not necessary to trigger RCW 82.04.290(2).

The "all-encompassing" definitions quoted above "leave practically no business and commerce free of the business and occupation tax." Id. at 175; Simpson, 141 Wn.2d at 149. Indeed, "[b]roader language could hardly be devised to convey the idea implicit in the foregoing definitions that the tax applies to everything that is earned, received, paid over to[,] or acquired by the seller." Engine Rebuilders, Inc. v. State, 66 Wn.2d 147, 150, 401 P.2d 628 (1965).

Therefore, contrary to Klein Honda's argument, the B&O tax is not a tax on only specific enumerated business activities, but rather on "the gross revenues received in the course of doing business." Budget Rent-A-Car, 81 Wn.2d at 173. Dealer cash received by Klein Honda in the course of conducting its auto dealership business was connected to a business activity. The business activity was accepting the offer of American Honda to apply for dealer cash, selling specific models during specific times, documenting those sales as required by the manufacturer, applying to the manufacturer for the dealer cash, and accepting the payment. It was a discrete business activity beyond the mere retail sale of those vehicles.[1] As our Supreme Court noted in response to another ingenious argument, to hold otherwise "would import an exemption into the tax statutes where none now exists." Time Oil, 79 Wn.2d at 147. The dealer cash received in the course of that business activity is taxable under RCW 82.04.290(2).[2]

---

[1] "Sale at retail" means sale to consumers. RCW 82.04.050(1)(a). Klein Honda receives dealer cash from the manufacturer.

[2] Klein Honda relies on Peshastin Lumber & Box, Inc. v. State, 61 Wn.2d 413, 378 P.2d 420 (1963), to argue to the contrary. However, the holding of Peshastin is consistent with our conclusion. There, the taxpayer logged timber pursuant to contracts with the United States Forest Service. Id. at 414. These contracts required the taxpayer to build logging roads to remove the timber, which the Forest Service would

II.    Dealer Cash Is Not a Bona Fide Discount in the Wholesale Price

Klein Honda also argues that dealer cash is an adjustment or bona fide discount to the wholesale purchase price of the vehicles and is therefore not taxable. A bona fide discount is not subject to the B&O tax under WAC 458-20-108. The rule states, in relevant part:

> (1) When a contract of sale is made subject to cancellation at the option of one of the parties or to revision in the event the goods sold are defective or if the sale is made subject to cash or trade discount, the gross proceeds actually derived from the contract and the selling price are determined by the transaction as finally completed.
>
>       . . . .
>
> (5) **Discounts.** The selling price of a service or of an article of tangible personal property does not include the amount of bona fide discounts actually taken by the buyer and the amount of such discount may be deducted from gross proceeds of sales providing such amount has been included in the gross amount reported.

(Emphasis added.) The Department promulgated this rule pursuant to its rulemaking authority in RCW 82.32.300. Discount Tire Co. of Wash. v. Dep't of Revenue, 121 Wn. App. 513, 523, 85 P.3d 400 (2004).

Klein Honda's argument fails, because its wholesale purchase of vehicles from American Honda is not made "subject to" the dealer cash payment, as required by the emphasized language in WAC 458-20-108(1). Unlike holdbacks, for instance, dealer

---

thereafter maintain. Id. The cost of building the roads was included in the appraiser's estimate of the timber's market value. Id. However, the taxpayer received no payment for building the roads. Id. at 415. They were a necessary cost of doing business. Id. The court held that building roads was not a taxable activity under the B&O tax code, because "[t]here was, in short, no showing that the [taxpayer] received any remuneration, expressible in terms of money." Id. at 417. The opposite is true here: Klein Honda received remuneration—dealer cash—for complying with the terms of the dealer cash offer after selling specified vehicles during specified times.

cash payments are not automatic upon Klein Honda's vehicle purchases from American Honda. Rather, dealer cash applies to eligible vehicles already in Klein Honda's inventory and is contingent upon Klein Honda selling those vehicles during a specified time period.

Klein Honda nevertheless insists that the Department's guidance to taxpayers concerning bona fide discounts to grocers is inconsistent with this interpretation of WAC 458-20-108. The Department's Excise Tax Advisory No. 3173.2013 applies to grocery stores and distinguishes bona fide discounts as follows:

> A bona fide discount is, for example, when the distributor grants the grocer either a discount or some form of payment for doing nothing more than purchasing products from the distributor.
>
> . . . .
>
> Generally, a bona fide discount negotiated by the grocer upon purchase of the goods does nothing more than encourage the grocer to make sales they were already going to make.

Wash. Dep't of Revenue, Excise Tax Advisory No. 3173.2013, at 1 (Jan. 7, 2013), available at http://dor.wa.gov/Docs/Rules/eta3000/3173.pdf (Distributor Discounts/ Allowances to Grocery Stores).

Dealer cash is distinguishable from the above language for two reasons. First, it is not a discount for Klein Honda purchasing vehicles from American Honda. And, second, dealer cash is not negotiated by Klein Honda upon the purchase of vehicles from American Honda. The Department's position is not inconsistent with its excise tax advisory for discounts given by distributors to grocers.[3] Therefore, we hold that dealer

---

[3] Klein Honda's reliance on Discount Tire Co., is also inapposite here, because that case involved "use tax" and sales tax on returned, defective, or damaged goods.

11

cash is not an adjustment or bona fide discount to the wholesale price of the vehicles, because Klein Honda did not purchase the vehicles subject to the dealer cash payment.

We affirm.

WE CONCUR:

_Appelwick, J._

_Trickey, J._

---

121 Wn. App. at 521-23. The court expressly stated that the B&O tax was not at issue. Id. at 521.

BECKER, J. (dissenting in part) — I respectfully dissent from the majority's conclusion that the business and occupation (B&O) tax is properly imposed on dealer cash.

The business and occupation tax is levied "for the act or privilege of engaging in business activities." RCW 82.04.220(1). The Supreme Court in another context has said that "the tax is on the gross revenues received in the course of doing business." Budget Rent-A-Car of Wash.-Or. v. Dep't of Revenue, 81 Wn.2d 171, 173, 500 P.2d 764 (1972). This statement, cited by the majority to show that the business and occupation tax scheme is very broad, does not literally mean that all gross income received by a business is taxable. Gross income is taxable only after identification of a business activity that is subject to taxation. The tax is then "measured by the application of rates against value of products, gross proceeds of sales, or gross income of the business, as the case may be." RCW 82.04.220(1).

The statutes identify many categories of business activity and specify the method of measurement and the rate applicable to each. For example, "Upon every person engaging within this state in the business of making sales at wholesale," the tax is imposed on the gross proceeds of sales at the rate of .484 percent. RCW 82.04.270. "Upon every person engaging within this state in the business of making sales at retail," the tax is imposed on the gross proceeds of sales at the rate of 0.471 percent. RCW 82.04.250(1). Klein Honda primarily engages in the business of making sales at retail. Klein Honda does not dispute

its obligation to pay the B&O tax of 0.471 percent on the gross proceeds of its retail sales.

The statute involved in this appeal imposes the B&O tax upon persons engaged in the business of rendering services or engaging in some "other" business activity not otherwise taxed:

> (2)(a) Upon every person engaging within this state in any business activity other than or in addition to an activity taxed explicitly under another section in this chapter or subsection (1) or (3) of this section; as to such persons the amount of tax on account of such activities is equal to the gross income of the business multiplied by the rate of 1.5 percent.
> (b) This subsection (2) includes, among others, and without limiting the scope hereof (whether or not title to materials used in the performance of such business passes to another by accession, confusion or other than by outright sale), persons engaged in the business of rendering any type of service which does not constitute a "sale at retail" or a "sale at wholesale." The value of advertising, demonstration, and promotional supplies and materials furnished to an agent by his or her principal or supplier to be used for informational, educational, and promotional purposes is not considered a part of the agent's remuneration or commission and is not subject to taxation under this section.

RCW 82.04.290(2).

In addition to making sales of cars at retail, Klein Honda performs pre-delivery inspections, warranty work, and advertising for American Honda Motor Company Inc. By doing so, Klein Honda engages in the business of rendering services that do not constitute a sale at retail or wholesale. Klein Honda does not dispute its obligation to pay the B&O tax of 1.5 percent on the gross income it receives for these services, as required by RCW 82.04.290(2)(b).

The Department of Revenue argues that by meeting the terms of American Honda's dealer cash marketing bulletins, Klein Honda engages in the

2

business of rendering a further service to American Honda that is taxable under RCW 82.04.290(2)(b). According to the Department, the service benefits American Honda "by moving vehicles out of Klein Honda's inventory and putting Klein Honda in a position to make more wholesale purchases from American Honda." Brief of Respondent at 23. The problem with this argument is that to be taxable under RCW 82.04.290(2)(b), the service rendered may not constitute a sale at retail. Moving vehicles out of inventory, whether in response to a marketing bulletin or not, is accomplished by selling cars at retail. Every sale of a vehicle that Klein Honda makes in response to a dealer cash incentive program constitutes a sale at retail and consequently is not taxable under RCW 82.04.290(2)(b).

This leaves RCW 82.04.290(2)(a) as a possible source of taxation. "Upon every person engaging within this state in any business activity other than or in addition to an activity taxed explicitly under another section in this chapter . . . the amount of tax on account of such activities is equal to the gross income of the business multiplied by the rate of 1.5 percent." The business activity of selling cars at retail is explicitly taxed under RCW 82.04.250(1). Therefore, RCW 82.04.290(2)(a) applies only if dealer cash is produced by a business activity "other than or in addition to" selling cars at retail. It is not enough to point out that dealer cash is gross income for Klein Honda. The first question is, what is the "other" business activity?

The majority identifies the "other" business activity as "accepting the offer of American Honda to apply for dealer cash, selling specific models during

3

specific times, documenting those sales as required by the manufacturer, applying to the manufacturer for the dealer cash, and accepting the payment. It was a discrete business activity beyond the mere retail sale of those vehicles." Majority at 9.

The majority's distinction is unsatisfactory. It confuses the *reporting* of business activity with business activity. The only business activity that Klein Honda engages in that produces dealer cash is the business activity of making sales at retail. Making a particular number of retail sales of a particular model within a specified time period is subsumed within the business of making sales at retail. I would conclude that documenting a sale in order to qualify for dealer cash is not a separately taxable "other" business activity.

Whether dealer cash represents a bona fide discount, and is thereby excludable from "gross proceeds of sales" under WAC 458-20-108(5), is irrelevant. Analyzing that issue presupposes the existence of an identifiable and taxable business activity. Klein Honda simply participated in an incentive program designed by the wholesaler to move inventory. By moving inventory, Klein Honda did not engage in a business activity other than selling cars at retail. I would hold that Klein Honda is entitled to a refund of tax paid on dealer cash.

Becker, J.