[No. 19759-0-III. Division Three. April 24, 2001.]

INLAND FOUNDRY COMPANY, INC., *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.

334

*Eric K. Nayes*, for appellant.

*Christine O. Gregoire, Attorney General*, and *Anastasia R. Sandstrom, Assistant*, for respondent.

Kato, J. — The Department of Labor and Industries cited Inland Foundry Company, Inc., for failing to comply with several provisions of the Washington Industrial Safety and Health Act (WISHA) and assessed penalties. The Board of Industrial Insurance Appeals and the superior court upheld the citations and penalties. Claiming the citations failed to comply with statutory requirements and violated due process, Inland appeals. It also argues the regulations allegedly violated were unconstitutionally vague and the findings of fact and conclusions of law issued by the Board should have been stricken. We affirm.

On October 29, 1997, an Inland Foundry millwright was killed while doing maintenance work inside a mullor. Another employee was unaware that anyone was inside and turned it on. The mullor was vibrating and shaking. He turned it off, looked inside, and discovered the dead millwright.

The Department was contacted and conducted an opening conference for a fatality investigation as required by WISHA. The investigation revealed that Inland did not have a specific lockout/tagout safety program for the mullor in place. Such a system would have prevented the employee from starting the machine while another employee was inside it. William Skuse, the investigating officer, also found that Inland did not follow other WISHA safety regulations.

On April 16, 1998, Mr. Skuse conducted a closing conference with several representatives from Inland regarding the WISHA violations he discovered. On April 23, 1998, the

Department cited Inland for 16 violations of WISHA. The citations alleged Inland's lockout/tagout, accident prevention, and confined space programs were all inadequate. The Department imposed a monetary penalty of $31,200 for these violations.

Inland appealed the citations. It then moved to vacate the citations, claiming they violated due process. Inland argued the citations lacked sufficient factual specificity to allow them to prepare a defense. The industrial appeals judge denied the motion to vacate.

Thereafter, the judge affirmed the citations. The Board adopted that decision and the superior court affirmed the Board. Inland filed its appeal directly to the Supreme Court, which transferred the case to the Court of Appeals.

Inland first complains that the citations do not comply with statutory requirements. RCW 49.17.120 grants the Department authority to issue a citation to an employer for violating a safety or health standard:

> Each citation shall be in writing and shall *describe with particularity the nature of the violation,* including a reference to the provisions of the statute, standard, rule, regulation, or order alleged to have been violated.

RCW 49.17.120(1) (emphasis added). The parties dispute what "describe with particularity" means.

In construing a statute, the court must give effect to the intent of the Legislature. *Adkins v. Aluminum Co. of Am.,* 110 Wn.2d 128, 146, 750 P.2d 1257, 756 P.2d 142 (1988). RCW 49.17.120 is part of WISHA, whose stated purpose is " 'to assure, insofar as may reasonably be possible, safe and healthful working conditions for every man and woman working in the state of Washington.' " *Id.* (quoting RCW 49.17.010). WISHA is to be liberally construed to carry out this purpose. When interpreting WISHA provisions, courts will also consider its federal counterpart, the Occupational Safety and Health Act of 1970 (OSHA), and federal decisions interpreting OSHA. *Id.* at 147.

Washington has not yet interpreted the "describe

with particularity" language of RCW 49.17.120(1). But that language is identical to that used in 29 U.S.C. § 658(a). In the federal arena, a citation is sufficiently particular upon giving the employer notice of precisely what it did wrong and what it must do to correct the situation. *Donovan v. Royal Logging Co.*, 645 F.2d 822, 828 (9th Cir. 1981). In other words, the citation must give reasonably particular notice so that the employer understands the charge being made and has an adequate opportunity to prepare and present a defense. *Babcock & Wilcox Co. v. Occupational Safety & Health Review Comm'n*, 622 F.2d 1160, 1164 (3d Cir. 1980); *see also Baroid Div. of NL Indus., Inc. v. Occupational Safety & Health Review Comm'n*, 660 F.2d 439, 448 (10th Cir. 1981). The Occupational Safety and Health Review Commission adds to these definitions by considering external circumstances surrounding the violations.

> The test of particularity is whether the citation provided fair notice of the alleged violation. In determining whether fair notice has been afforded, consideration may be given to factors external to the citation, such as the nature of the alleged violation, the circumstances of the inspection, and the employer's knowledge of his own business.

*Sec'y of Labor v. Meadows Indus., Inc.*, 7 O.S.H. Cas. (BNA) 1709, 1979 OSAHRC LEXIS 218, 1979 WL 8494 at *1 (1979). *See also Sec'y of Labor v. Gen. Motors Corp.*, 8 O.S.H. Cas. (BNA) 1735, 1980 OSAHRC LEXIS 503, 1980 WL 10217 at *2 (1980).

We agree with the federal cases and the Commission. A citation meets the factual specificity requirement if, after considering the circumstances surrounding the alleged violations, the employer understands what regulations it violated and is provided with an adequate opportunity to prepare and present a defense. The citations here met these requirements. Each citation listed the relevant inspection dates as October 29, 1997 through April 17, 1998. Each cited the regulation involved and specifically stated what the employer had failed to do. The citations informed

Inland that it was being cited for violating several safety regulations, which violations were discovered by the Department pursuant to the mandatory fatality investigation. The Department conducted opening and closing conferences with Inland that explained the nature of the investigation and the violations discovered. The citations alerted Inland to the charges being made and provided it with adequate information to prepare and present a defense. The citations complied with RCW 49.17.120(1).

Inland also claims that the citations were untimely. RCW 49.17.120(4) provides that a citation must be issued within six months of the start of an investigation. The investigation began on October 29, 1997, the day of the accident. The citations were timely issued on April 23, 1998, within six months of the start of the investigation.

Inland next contends the citations violated its due process rights. No Washington case has addressed due process and RCW 49.17.120(1), but federal courts have visited the issue with respect to 29 U.S.C. § 658(a). "Ideally the citation should provide the employer with notice of the Secretary's contentions pertinent to each of the three elements underlying a general duty violation." *Whirlpool Corp. v. Occupational Safety & Health Review Comm'n*, 645 F.2d 1096, 1098-99 (D.C. Cir. 1981). When considering this language, the Tenth Circuit stated:

> Although we agree that this interpretation states the ideal, it does not state the due process minimum. The D.C. Circuit itself has acknowledged "the familiar rule that administrative pleadings are very liberally construed." *National Realty & Construction Co. Inc. v. OSHRC*, 489 F.2d 1257, 1264 (D.C. Cir. 1973). As Professor Davis has stated, "The most important fact about pleadings in the administrative process is their unimportance." 3 K. DAVIS, ADMINISTRATIVE LAW TREATISE § 14:11 at 46 (2d ed. 1980). An OSHA citation must give reasonably particular notice so that the cited employer will understand the charge being made and will have a full and fair opportunity to prepare and present a defense.

*Baroid*, 660 F.2d at 448. Given this language, it is fair to say

a citation that is sufficiently particular satisfies due process. The citations here were specific and gave reasonably particular notice to Inland to understand the charges made. They also gave the company a full and fair opportunity to prepare and present a defense. Inland was afforded due process.

Inland contends the following provisions of the Washington Administrative Code are vague and therefore violate due process: (1) WAC 296-24-040(1)(a)(ii); (2) WAC 296-24-040(1)(a)(iv); (3) WAC 296-24-045(5)(b); (4) WAC 296-24-045(5)(c); (5) WAC 296-24-07501(2)(b); (6) WAC 296-24-11005(4)(b)(ii); (7) WAC 296-24-11005(4)(b)(iii); (8) WAC 296-24-11005(4)(b)(iv); (9) WAC 296-24-11005(5)(a); (10) WAC 296-24-11005(6)(a); (11) WAC 296-24-11005(7)(a);[1] (12) WAC 296-24-11005(9); (13) WAC 296-24-11007(1)(c); (14) WAC 296-24-11007(3)(a); (15) WAC 296-24-11005(7)(d); and (16) WAC 296-62-14110(4).[2]

■ A duly adopted regulation is presumed constitutional. *Longview Fibre Co. v. Dep't of Ecology*, 89 Wn. App. 627, 632, 949 P.2d 851 (1998). The party raising a vagueness challenge bears the heavy burden of proving the regulation's unconstitutionality beyond a reasonable doubt. *Id.* at 632-33.

■ ■ "A regulation is unconstitutionally vague if persons of common intelligence must necessarily guess at its meaning and disagree as to its application." *Id.* at 633 (citing *Keene v. Bd. of Accountancy*, 77 Wn. App. 849, 854, 894 P.2d 582, *review denied*, 127 Wn.2d 1020 (1995)). But a regulation does not have to satisfy impossible standards of specificity. A regulation need not provide a person with the ability to predict with " 'complete certainty' " whether it proscribes a particular course of conduct. *Id.* (quoting

---

[1] Inland cites WAC 296-24-11007(7)(a), but there is no such regulation. It appears Inland meant to refer to WAC 296-24-11005(7)(a).

[2] Inland cites WAC 296-24-14503(4), but there is no such regulation. The Board decision refers to WAC 296-62-14503(4). Again, there is no such regulation. Using the actual language of the regulation cited in the Board decision, we determine that the regulation in question is WAC 296-62-14110(4).

*Keene*, 77 Wn. App. at 854).

Inland has made no substantive argument explaining why any of these regulations are vague. Rather, it just claims that each regulation is unclear. Review of the challenged regulations reveals otherwise. Inland has failed to meet its burden.

■■ Inland argues that the Board's findings of fact and conclusions of law are erroneous and should be stricken. This court reviews findings of fact to determine whether they are supported by substantial evidence and, if so, whether the findings support the conclusions of law. *Brin v. Stutzman*, 89 Wn. App. 809, 824, 951 P.2d 291, *review denied*, 136 Wn.2d 1004 (1998). "Substantial evidence exists if the record contains evidence of sufficient quantity to persuade a fair-minded, rational person of the truth of the declared premise." *In re Estate of Eubank*, 50 Wn. App. 611, 617, 749 P.2d 691 (1988). A trial court's conclusions of law are reviewed de novo. *City of Seattle v. Megrey*, 93 Wn. App. 391, 393, 968 P.2d 900 (1998).

■ Inland asserts that 10 of the Board's 42 findings of fact are not supported by substantial evidence. But the company does nothing more than make a mere assertion that these findings are unsupported. The appellant must present argument to the court why specific findings of fact are not supported by the evidence and must cite to the record to support that argument. *In re Estate of Lint*, 135 Wn.2d 518, 532, 957 P.2d 755 (1998) (citing RAP 10.3). Because Inland has failed to do so, the findings will be treated as verities. *Id.* at 533. In any event, the Board's findings mirror the uncontroverted testimony before it.

■ Inland also contends the findings are actually conclusions of law. "If a determination concerns whether evidence shows that something occurred or existed, it is properly labeled a finding of fact . . . ." *State v. Niedergang*, 43 Wn. App. 656, 658, 719 P.2d 576 (1986). However, "if the determination is made by a process of legal reasoning from facts in evidence, it is a conclusion of law." *Id.* at 658-59. The challenged findings track the testimony presented and

are properly labeled findings of fact.

Inland contends that none of the conclusions of law are supported by the findings of fact. They are.

 Inland next asserts the Board erred by determining that "[o]n September 8, 1998, the parties stipulated that an amended copy of the Historical/Jurisdictional Facts document prepared by the Board could be made part of the Board's record for the sole purpose of establishing the jurisdiction of the Board to hear this appeal." Board Record (BR) at 30. The Department concedes there was no such stipulation. Inland apparently argues that, because it did not enter into the stated stipulation, the Board lacked jurisdiction to hear the appeal.[3] This argument misses the mark. The Department cited Inland for violations of WISHA. Inland filed a notice of intent to appeal the citations. Once a notice of appeal has been filed, the Board may obtain jurisdiction from the Director of the Department to hear the appeal. *See* RCW 49.17.140(3); *Erection Co. v. Dep't of Labor & Indus.*, 65 Wn. App. 461, 464, 828 P.2d 657 (1992), *aff'd*, 121 Wn.2d 513, 852 P.2d 288 (1993). The fact that Inland did not stipulate to Board jurisdiction has no bearing on whether the Board did in fact have jurisdiction. It did.

Inland argues the Board erroneously stated that "Inland stipulated to the accuracy of the [penalty] calculations." BR at 47. During the testimony of investigator Skuse, who calculated the penalties, Inland's counsel objected to the witness's reading his notes on how he made his calculations. In response, the Department's counsel stated he could dispense with questions about the calculations if Inland were willing to stipulate that the monetary penalties were correctly calculated. The following exchange then occurred:

> JUDGE HANSON: What you're asking, as I understand it, is whether or not Inland agrees with the assessments Mr. Skuse

---

[3] Before the Board, Inland based its jurisdictional challenge on the claim that the citations failed to comply with RCW 49.17.120. BR at 2.

made in calculating the work sheet for each and every penalty. If the company agrees that the document accurately reflects the assessment, that we can simply stipulate that the document speaks for itself in its entirety, then these questions need not be asked. Is that what you're saying?

MR. OWADA [Department counsel]: With the additional point being that the employer's not challenging the thought process for the calculation of severity and probability.

JUDGE HANSON: Mr. Nayes, how do you say?

MR. NAYES [Inland counsel]: I'm not challenging any thought process of this department, and I think I made that clear since I started this hearing.

JUDGE HANSON: So the question becomes if you believe that what is contained in Exhibit Number 30 accurately portrays the witness's mental processes and assessment of the gravity, probability, and therefore — excuse me, severity, probability and, therefore, gravity of the alleged violations of the history, good faith and size of the employer, and that the witness accurately reflected the base penalties for the numbers that were reached, if you agree that this is accurate, do you stipulate that this document accurately was — that Mr. Skuse accurately calculated the penalties per his thought processes.

MR. NAYES: At the time the document was prepared.

JUDGE HANSON: Thank you. Does that satisfy you, Mr. Owada?

MR. OWADA: Yes, it does, Your Honor.

JUDGE HANSON: Very well. The stipulation's in the record.

Trial R. 120-21 (Mar. 9, 1999). This exchange evinces a stipulation from Inland that it did not contest the penalty calculations. The evidence supports the Board's findings and conclusions with regard to the monetary penalties in any event.

Inland has requested an award of fees on appeal. Because Inland did not prevail, it is not entitled to fees.

We affirm the superior court order affirming the Board's decision and deny Inland's request for fees.

BROWN, A.C.J., and SCHULTHEIS, J., concur.