# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| SANDRA A. WITZEL, | No. 47045-4-II |
| Appellant, | |
| v. | |
| DEPARTMENT OF LABOR AND INDUSTRIES, | UNPUBLISHED OPINION |
| Respondent. | |

JOHANSON, C.J. — Sandra Witzel appeals a superior court ruling affirming the Board of Industrial Insurance Appeal's (the Board) decision upholding the Department of Labor and Industries' (L&I) calculation of her "wages" after she suffered from an occupational disease. Witzel contends that L&I calculated her wages incorrectly because it applied RCW 51.08.178(1) rather than RCW 51.08.178(4), the provision that controls when wages are not fixed or cannot reasonably be determined. We hold that L&I correctly applied subsection (1) of RCW 51.08.178 because Witzel's wage at the time of the injury was indisputably fixed at $28 per hour. Therefore, we hold that substantial evidence supports the superior court's findings of fact and the court's conclusions of law flow properly from those findings. We affirm.

FACTS

In 2010, Witzel moved to Washington after earning a living for several years performing financial consulting work. In previous years, Witzel made $50 to $110 per hour for her various consulting projects. Seeking similar work and, presumably, similar pay, Witzel signed an employment agreement with Robert Half International, Inc.

Witzel's employment contract stated that she was hired as a consultant "to provide, on an as needed basis, such financial services as may be required by Robert Half Management Resources from time to time." Ex. 2 at 1. Under the agreement, Witzel was to be paid weekly "only for hours actually worked, at an hourly rate to be determined at the time of placement with each [c]lient or start of new project." Ex. 2 at 1. Witzel's first project commenced in December 2010. According to Witzel, the project was a two-week project for which she was assigned so her employer could gauge her work ability. This was not the type of consulting work Witzel apparently expected and she considered it temporary work. Witzel was paid $28 per hour.

Shortly thereafter, Witzel began a second project. The second project also paid $28 per hour, but like the first project, it did not involve consulting work. While she worked on this second project, Witzel filed a claim for benefits for an injury or occupational disease.[1] As part of her claim documentation, Witzel reported working eight hours a day, five days a week, at $28 per hour. Witzel was diagnosed with bilateral carpal tunnel syndrome.

---

[1] An occupational disease is a disease or infection that "arises naturally and proximately out of employment." RCW 51.08.140. RCW 51.08.178(1) refers to the time of the "injury," but the statute applies equally to occupational diseases. RCW 51.16.040.

L&I accepted the claim, determined a manifestation date, and issued an order setting Witzel's wage rate at $4,928 per month. It arrived at this number by using the formula provided by RCW 51.08.178(1). Witzel appealed that determination to the Board. Witzel argued that L&I should have set her monthly wages using RCW 51.08.178(4), the wage calculation provision that controls when a claimant's wage is not fixed or cannot reasonably be determined. In Witzel's view, her wage should be calculated using the latter provision to more accurately reflect her expectation that she would perform consulting work for Robert Half and her belief that she would receive approximately $50 per hour, a wage commensurate with her previous consulting work.

But the Board disagreed. It noted that Witzel voluntarily accepted a position at $28 per hour and had not earned her "consultant level wage" for nearly 16 months before her injury. Administrative Record at 18. According to the Board, Witzel would receive an unfair windfall if it set her wage at the level she sought considering that her earning capacity decreased because of her willingness to accept the temporary position. The Board therefore found that $28 was a fair and accurate determination of Witzel's wages at the time of her injury and concluded as a matter of law that Witzel's wage rate was properly calculated under RCW 51.08.178(1).

Witzel appealed the Board's ruling and the superior court affirmed the Board. The superior court entered these relevant findings of fact and conclusions of law:

### I. FINDINGS OF FACT

1.4    The date of manifestation for Ms. Witzel's occupational disease is June 15, 2011.

1.5    On June 15, 2011, Ms. Witzel was not an intermittent or seasonal worker. On June 15, 2011, Ms. Witzel had a fixed monthly wage.

1.6    On June 15, 2011, Ms. Witzel was single, had zero dependents, and earned $28.00 per hour in wages.
Ms. Witzel's work schedule was eight hours per day, five days per week. . . .
Ms. Witzel's total gross wage received from all employment on June 15, 2011 was $4,928.00 per month.

## II. CONCLUSIONS OF LAW

2.2      Ms. Witzel's wage rate should be calculated per RCW 51.08.178(1).

Clerk's Papers at 2-3. Witzel appeals.

## ANALYSIS

Witzel argues that L&I should have calculated her wages under RCW 51.08.178(4) rather than .178(1) because the Industrial Insurance Act (IIA), Title 51 RCW, is to be liberally construed to effectuate the legislature's intent to compensate injured workers in a manner that reflects lost earning capacity rather than past wages earned. Witzel asserts further that her wages are properly calculated under RCW 51.08.178(4) because her wage was not fixed, but instead would fluctuate depending on the assignment. We disagree.

Washington's IIA includes judicial review provisions that are specific to workers' compensation claims. *Rogers v. Dep't of Labor & Indus.*, 151 Wn. App. 174, 179, 210 P.3d 355 (2009). The Board's decision is prima facie correct under RCW 51.52.115, and a party attacking the decision must support its challenge by a preponderance of the evidence. *Ruse v. Dep't of Labor & Indus.*, 138 Wn.2d 1, 5, 977 P.2d 570 (1999). The superior court presumes the Board's findings and conclusions are "'prima facie correct.'" *Arriaga v. Dep't of Labor & Indus.*, 183 Wn. App. 817, 822, 335 P.3d 977 (2014) (quoting RCW 51.52.115), *review denied*, 182 Wn.2d 1012 (2015).

Our "'review is limited to examination of the record to see whether substantial evidence supports the findings made after the superior court's de novo review, and whether the court's conclusions of law flow from the findings.'" *Ruse*, 138 Wn.2d at 5-6 (quoting *Young v. Dep't of Labor & Indus.*, 81 Wn. App. 123, 128, 913 P.2d 402 (1996)). Substantial evidence exists if the record contains evidence of sufficient quantity to persuade a fair-minded, rational person of the

truth of the declared premise. *Inland Foundry Co. v. Dep't of Labor & Indus.*, 106 Wn. App. 333, 340, 24 P.3d 424 (2001).

"Under [the IIA] time-loss and loss of earning power compensation rates are determined by reference to a worker's wage at the time of injury." *Gallo v. Dep't of Labor & Indus.*, 155 Wn.2d 470, 481, 120 P.3d 564 (2005) (citing RCW 51.08.178). Because time-loss compensation reflects the worker's lost earning capacity, the time-loss compensation is based on the worker's "wages" as defined in RCW 51.08.178(1).

This statute provides, in part,

> For the purposes of this title, the monthly wages the worker was receiving from all employment *at the time of injury* shall be the basis upon which compensation is computed unless otherwise provided specifically in the statute concerned. In cases where the worker's wages are not fixed by the month, they shall be determined by multiplying the daily wage the worker was receiving *at the time of the injury* [by a number determined by the number of days the employee usually worked in a week].

RCW 51.08.178(1) (emphasis added). RCW 51.08.178(4) governs wage calculation when a worker has *no fixed wage* or the wage cannot be reasonably determined and provides,

> In cases where a wage has not been fixed or cannot be reasonably and fairly determined, the monthly wage shall be computed on the basis of the usual wage paid other employees engaged in like or similar occupations where the wages are fixed.

Here, Witzel argues that her wages were not fixed because her employment contract stated that she would be paid for hours worked at a rate to be determined at the time of placement or at the start of a new project. Because she was hired as a consultant and therefore anticipated a higher wage, Witzel contends that RCW 51.08.178(4) should control because it would permit her calculated wage to reflect her expected future earnings and the earnings of other Robert Half consultants.

But this interpretation ignores the plain language of the controlling statutes because time loss and loss of earning power compensation rates are determined by reference to a worker's wage at the time of injury. *Gallo*, 155 Wn.2d at 481. And if a statute is plain and unambiguous, its meaning must be derived from the language itself. *Dep't of Transp. v. State Emps.' Ins. Bd.*, 97 Wn.2d 454, 458, 645 P.2d 1076 (1982).

At the time of her injury, Witzel reported her work schedule as being eight hours per day for five days a week at a pay rate of $28 per hour. Witzel was paid that same rate throughout the duration of her employment with Robert Half. It is immaterial to whether she had a fixed rate of pay *at the time of injury* that Witzel apparently sought a higher paying consulting job while she worked on the aforementioned projects. Witzel made $28 per hour at the time of her injury and had done so for over two months prior.

Witzel cites language suggesting that the IIA is to be liberally construed, with doubts resolved in favor of the worker. S*ee Cockle v. Dep't of Labor &Indus.*, 142 Wn.2d 801, 811, 16 P.3d 583 (2001). But she cites no authority to support the proposition that a wage is not "fixed" solely because it is subject to change at some unknown time. Witzel has never made a wage different than $28 per hour during her time in Washington and this was Witzel's fixed wage at the time of her injury.

We hold that substantial evidence supports the superior court's finding that Witzel had a fixed monthly wage based on her pay at $28 per hour. And, therefore, because RCW 51.08.178(1) provides the formula for wage calculation when wages are fixed at the time of injury, the superior court's conclusion that Witzel's wages were accurately calculated under that provision, flows

6

No. 47045-4-II

properly from its findings of fact. We hold accordingly and affirm the superior court's ruling upholding the Board's determination.[2]

Affirmed.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, C.J.

We concur:

WORSWICK, J.

MAXA, J.

---

[2] In what appears to be a request for an alternative remedy, Witzel asks this court to remand the case "with directions to [L&I] to make a factual determination under RCW 51.08.178(4) and apply it to Ms. Witzel." Br. of Appellant at 7. But as discussed above, subsection (4) does not apply here and we do not reach this issue.