# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| WASHINGTON STATE  DEPARTMENT OF REVENUE, | No.  50057-4-II |
| Appellant, | |
| v. | |
| WAREHOUSE DEMO SERVICES, INC., | UNPUBLISHED OPINION |
| Respondent. | |

WORSWICK, J. — The Department of Revenue (Department) appeals an order granting Warehouse Demo Services Inc.'s (Warehouse Demo) tax refund claim.  Warehouse Demo corresponded with various food vendors to provide demonstrations and free samples of the vendors' products to Costco patrons.  As part of this arrangement, Warehouse Demo purchased the products necessary for the demonstrations of the vendors' products from Costco and was later reimbursed by the vendors for the total cost of the product purchased.

Warehouse Demo filed a tax refund claim with the Department, arguing that the amount it received from its vendors for demonstration products was exempt from Washington's business and occupation (B&O) tax, chapter 82.04 RCW, under RCW 82.04.290(2)(b).  The Board of Tax Appeals (Board) issued a final decision granting Warehouse Demo's claim.

The Department appeals, arguing that the Board erred in granting Warehouse Demo's tax refund claim because the Board misapplied the law in concluding that Warehouse Demo was an agent of its vendors.  We determine that the Board's findings of fact do not support its

conclusion that Warehouse Demo had an agency relationship with its vendors. Accordingly, we reverse the Board's final decision granting Warehouse Demo's tax refund claim.

FACTS

Warehouse Demo performed demonstrations and provided samples of products from various food vendors in Costco locations throughout the Pacific Northwest and California. A written agreement between Warehouse Demo and Costco stated that Warehouse Demo performed the demonstrations at Costco locations on behalf of Warehouse Demo's vendors.

Before performing a product demonstration on behalf of a vendor, Warehouse Demo would purchase the vendor's product from the Costco where the demonstration was to be performed. After the demonstration, Warehouse Demo would send the vendor an invoice for the exact amount Warehouse Demo paid for the vendor's product, and the vendor would submit repayment. From 2006 until 2011, Warehouse Demo recorded the repayment from its vendors as gross revenue and paid B&O tax on the repayment amount.

In 2011, Warehouse Demo submitted a tax refund claim to the Department, arguing that its vendors' repayments for the demonstration products were not subject to the B&O tax. Under the B&O tax scheme, B&O tax is imposed on "all activities engaged in with the object of gain, benefit, or advantage to the taxpayer or to another person or class." Clerk's Papers (CP) at 18. RCW 82.04.290(2)(b) provides certain exemptions from the B&O tax:

> This subsection (2) includes, among others, and without limiting the scope hereof (whether or not title to materials used in the performance of such business passes to another by accession, confusion or other than by outright sale), persons engaged in the business of rendering any type of service which does not constitute a "sale at retail" or a "sale at wholesale." The value of advertising, demonstration, and promotional supplies and materials *furnished to an agent by his or her principal* or supplier to be used for informational, educational, and promotional purposes is not

considered a part of the agent's remuneration or commission and is not subject to taxation under this section.

(Emphasis added.)

The Department and its appeals division denied Warehouse Demo's claim. Warehouse Demo then appealed the Department's denial to the Board. Following an evidentiary hearing, the Board entered its final decision, which included findings of fact and conclusions of law. The Board found that vendors directly contacted Warehouse Demo to perform demonstrations of the vendors' products. Warehouse Demo's vendors provided promotional and marketing materials to be displayed during the demonstrations, and Warehouse Demo purchased the products to be used in its demonstrations from Costco. The Board found that Warehouse Demo "billed the vendors for the vendor's own products, charging the vendors the exact amount [Warehouse Demo] had paid for the products" and that Warehouse Demo did not make a profit from the vendors' repayments. CP at 16.

The Board concluded that Warehouse Demo and its vendors had an agency relationship. The Board reasoned that the vendors exercised control over Warehouse Demo's actions because the vendors directly contacted Warehouse Demo to perform the demonstrations, selected the product that Warehouse Demo demonstrated, and authorized Warehouse Demo's purchase of the demonstration product. As a result, the Board concluded that the facts and circumstances showed that there was an inferred agency relationship between the principal, the vendors, and their agent, Warehouse Demo.

The Board granted Warehouse Demo's tax refund claim, ultimately concluding that the amount Warehouse Demo's vendors repaid it for the demonstration supplies was exempt from B&O taxes under RCW 82.04.290(2)(b). The Department filed a petition in superior court

3

seeking judicial review of the Board's final decision. The superior court entered an order affirming the Board's grant of Warehouse Demo's tax refund claim. The Department appeals.

ANALYSIS

The Department argues that the Board erred in granting Warehouse Demo's tax refund claim because the Board misapplied the law in concluding that Warehouse Demo was an agent of its vendors. We determine that the Board's findings of fact do not support its conclusion that Warehouse Demo had an agency relationship with its vendors and reverse the Board's final decision.[1]

I. STANDARD OF REVIEW

Appeals from the Board are governed by the Administrative Procedure Act (APA), chapter 34.05 RCW. *Steven Klein, Inc. v. Dep't of Revenue*, 183 Wn.2d 889, 895, 357 P.3d 59 (2015). Under the APA, we review the Board's findings of fact for substantial evidence. *Steven Klein, Inc.*, 183 Wn.2d at 895. Evidence is substantial where it is sufficient to persuade a fair-minded, rational person of the finding's truth. *Raven v. Dep't of Soc. & Health Servs.*, 177 Wn.2d 804, 817, 306 P.3d 920 (2013). Unchallenged findings of fact are verities on appeal. *City of Spokane v. Dep't of Revenue*, 145 Wn.2d 445, 451, 38 P.3d 1010 (2002). We review the Board's conclusions of law de novo to determine whether the Board correctly applied the law

---

[1] Because we hold that the Board erred in granting Warehouse Demo's tax refund claim because the Board's findings of fact do not support its conclusion that Warehouse Demo was an agent of its vendors, we do not address the Department's arguments that the Board erroneously interpreted RCW 82.04.290(2)(b) in concluding that B&O tax exemption for the "value" of demonstration products includes repayment for the products and that the demonstration products were "furnished" to Warehouse Demo by its vendors.

and whether the Board's findings of fact support its conclusions of law. RCW 34.05.570(3)(d); *Hardee v. Dep't of Health & Soc. Servs.*, 152 Wn. App. 48, 55, 215 P.3d 214 (2009).

## II. AGENCY RELATIONSHIP CONCLUSION OF LAW

As an initial matter, the Department asserts that the Board's conclusion of law that an agency relationship existed between Warehouse Demo and its vendors was a mislabeled finding of fact. Although not explicitly stated, Warehouse Demo appears to concede that the Board's conclusion was a mislabeled finding. We reject the Department's argument.

A finding of fact mislabeled as a conclusion of law will be treated as a finding of fact. *Ives v. Ramsden*, 142 Wn. App. 369, 395 n.11, 174 P.3d 1231 (2008). A finding of fact is a determination that concerns whether the evidence shows that something occurred or existed. *Inland Foundry Co., Inc. v. Dep't of Labor & Indus.*, 106 Wn. App. 333, 340, 24 P.3d 424 (2001). A conclusion of law is a determination made by a process of legal reasoning from facts in evidence. 106 Wn. App. at 340.

In its final decision, the Board concluded that Warehouse Demo and its vendors had an agency relationship. The Board reasoned that the vendors exercised control over Warehouse Demo's actions because the vendors directly contacted Warehouse Demo to perform the demonstrations, selected the product that Warehouse Demo demonstrated, and authorized Warehouse Demo's purchase of the demonstration product. As a result, the Board concluded that the facts and circumstances showed that there was an inferred agency relationship between the vendors and Warehouse Demo.

5

Here, the Board considered the facts and circumstances in evidence—vendors directly contacted Warehouse Demo to perform the demonstrations and remitted payment to Warehouse Demo for the demonstration product—and applied legal reasoning to determine that those facts and circumstances demonstrated that an agency relationship existed. As a result, the Board's determination that an agency relationship existed was a conclusion of law. *See O'Brien v. Hafer*, 122 Wn. App. 279, 284, 93 P.3d 930 (2004). We therefore reject the Department's argument.

### III. AGENCY RELATIONSHIP

Because we conclude that the Board did not mislabel its conclusion of law that an agency relationship existed between Warehouse Demo and its vendors, we review whether the Board's findings of fact support its conclusion. We determine that the Board's findings do not support its conclusion that Warehouse Demo had an agency relationship with its vendors.

RCW 82.04.290(2)(b) provides exemptions from the B&O tax for "[t]he value of advertising, demonstration, and promotional supplies and materials furnished to an agent by his or her principal." Chapter 82.04 RCW does not define the term "agent." Because there is no legislative statement to the contrary, we use the common law definition of agency in determining whether Warehouse Demo was an agent of its vendors for purposes of RCW 82.04.290(2)(b). *See, e.g.*, *Rho Co. v. Dep't of Revenue*, 113 Wn.2d 561, 573, 782 P.2d 986 (1989).

The burden of establishing an agency relationship rests upon the party asserting its existence. *O'Brien*, 122 Wn. App. at 284. An agency relationship generally arises when two parties consent that one party, an agent, shall act on the other party's, the principal's, behalf and subject to their control. *Wash. Imaging Servs., LLC v. Dep't of Revenue*, 171 Wn.2d 548, 562, 252 P.3d 885 (2011). The requirement that a principal have control over the agent means that

6

there must be facts and circumstances that establish "'one person is acting at the instance of and in some material degree under the direction and control of the other.'" 171 Wn.2d at 562 (quoting *Matsumura v. Eilert*, 74 Wn.2d 362, 368-69, 444 P.2d 806 (1968)). Control establishes agency only if the principal controls the manner of performance. *Stansfield v. Douglas County*, 107 Wn. App. 1, 18, 27 P.3d 205 (2001). In addition, the existence of an agency relationship is not controlled by how the parties describe themselves and can be implied by the parties' actions. *Wash. Imaging Servs.*, 171 Wn.2d at 562.

Warehouse Demo performed demonstrations of products from various food vendors in Costco locations throughout Washington and the West Coast. The Board found that Warehouse Demo entered into a written agreement with Costco, which provided that Warehouse Demo would perform demonstrations at Costco locations on behalf of its vendors. The Board also found that vendors directly contacted Warehouse Demo to perform demonstrations of the vendors' products. The Board further found that Warehouse Demo was responsible for collecting from its vendors the cost of rental space at Costco for the product demonstration and remitting the rental costs to Costco. Warehouse Demo's vendors provided promotional and marketing materials to be displayed during the demonstrations. Warehouse Demo purchased the products to be used in its demonstrations from Costco and was later repaid by the vendor for the amount of the vendor's product purchased for the demonstration.

The Board concluded that the vendors exercised control over Warehouse Demo's actions because the vendors directly contacted Warehouse Demo to perform the demonstrations, selected the product that Warehouse Demo demonstrated, and authorized Warehouse Demo's purchase of

the demonstration product.  Thus, the Board concluded that there was an inferred agency relationship between the principal, the vendors, and their agent, Warehouse Demo.

For Warehouse Demo to prevail on its tax refund claim, it was required to prove that it was an agent of the vendors.  *See* RCW 82.04.290(2)(b).  For it to receive all of its claimed refund, Warehouse Demo was required to prove that it was an agent of each of its vendors.  *See generally* RCW 82.04.290(2)(b).  The Board's findings of fact show that Warehouse Demo failed to meet its burden in proving that it acted as the agent of any vendor, let alone each of its vendors.  Although Warehouse Demo's vendors generally provided promotional and marketing materials for its product demonstrations, there is no finding that any of the vendors controlled the manner in which Warehouse Demo conducted its demonstrations, or managed and supervised the product information shared by Warehouse Demo, or otherwise exhibited control over the demonstrations.  The findings do not establish that the vendors selected the product Warehouse Demo would demonstrate or that the vendors authorized Warehouse Demo's purchase of the demonstration product.  Moreover, the findings of fact do not contain any facts specific to any of Warehouse Demo's vendors.

Considering all of the Board's factual findings, its findings do not establish that Warehouse Demo was under the direction and control of each of its vendors to any material degree.  As a result, Warehouse Demo fails to show that it performed its product demonstrations subject to its vendors' control.  Accordingly, the Board's findings of fact do not support its conclusion that an agency relationship existed.

We reverse the Board's final decision granting Warehouse Demo's tax refund claim.

No. 50057-4-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, P.J.

We concur:

Lee, J.

Melnick, J.