# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  52306-0-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| V.A.M., | |
| Appellant. | |

SUTTON, J. — VM, a juvenile, appeals from her adjudication of guilty on a fourth degree assault charge, arguing that the juvenile court's rejection of her self-defense claim is not supported by the evidence.[1]  We disagree and affirm the juvenile court.

## FACTS

While in their ninth-grade classroom, RK struck VM in the face with a backpack.  In response, VM struck RK in the head at least three times.

The State charged VM with fourth degree assault.  VM claimed self-defense.

At the adjudicative hearing, Thurston County Deputy Sheriff Paul Gylys, the school resource officer, testified that when he talked to VM after the incident, she told him that she had

---

[1] The juvenile court's written findings of fact and conclusions of law were filed in the juvenile court after VM filed her opening brief and the State filed its original response.  We ordered the parties to supplement the record with the juvenile court's written findings of fact and conclusions of law and to provide supplemental briefing.  Order to Supplement Record, Order Requesting Supplemental Briefing, and Order Removing Case from Court Calendar (Nov. 21, 2019).  In her supplemental brief, VM does not argue that the late filing of the findings of fact and conclusions of law caused her any prejudice.

not been hurt when she was struck by the backpack and that the incident had only made her mad. Deputy Gylys further testified that VM "stated her response [to being hit by the backpack] was almost automatic and that she then began striking [RK]." Report of Proceedings (RP) (Mar. 13, 2018) at 69. VM also stated that she believed that RK was trying to start a fight.

VM testified that prior to the incident, RK had previously hit her (VM) for no reason and that she (VM) had frequently observed RK hit other students. Immediately before the incident, VM was sitting near RK and RK threatened VM three or four times. VM stated that although she responded to RK, she "didn't really provoke" or threaten to hit RK. RP (Mar. 20, 2018) at 110.

VM testified that at one point she looked at RK, and RK "acted like she was going to punch [VM] in the face three times" and threatened her. RP (Mar. 20, 2018) at 114. RK then picked up her backpack, which had been between the girls' chairs, and intentionally "slammed it into [VM's] face." RP (Mar. 20, 2018) at 114. VM stated that when RK picked up the backpack, VM was fearful that RK was going to hit her with it based on RK's threats.

After being struck with the backpack, VM "pushed the backpack away" and then "hit" RK. RP at (Mar. 20, 2018) 115. VM estimated that the "fight" lasted at most 10 seconds. RP (Mar. 20, 2018) at 115. VM's "punch[es]" caused RK to fall out of her chair. RP (Mar. 20, 2018) at 123. When the teacher started yelling at VM, she stopped hitting RK and, at the teacher's instruction, left the room.

On cross-examination, VM also testified that although she knew RK had struck others, she was not afraid of RK attacking or hurting her. VM admitted to having hit RK two or three times during the altercation. VM also admitted that she later told a deputy that being struck with the backpack "didn't hurt" her, "it just made [her] mad." RP (Mar. 20, 2018) at 119. But VM later

testified that "[i]t hurt at first," which is why she hit RK. RP (Mar. 20, 2018) at 121. VM stated that she could have also responded by telling the teacher or walking away.[2]

VM further testified that although she was not bruised by the backpack, it did cause her face to turn red. But she admitted that when she reacted to being struck with the backpack, she was not thinking of alternatives to striking RK and that she was just reacting to being hit in the face.

In an oral ruling, the juvenile court rejected VM's self-defense claim because the force VM used against the assault victim "was more than was necessary" and VM "did not have a reasonable belief that she was going to be injured." RP (Mar. 26, 2018) at 97-98. The juvenile court found VM guilty as charged.

The juvenile court subsequently entered the following written findings of fact and conclusions of law. They provided, in part:

## I. FINDINGS OF FACT

3. [RK] hit [VM] in the face with her backpack after she returned to her seat. The impact was hard enough to cause a red mark on [VM's] face. [VM] reacted almost instantaneously by hitting, striking, or punching [RK] in the head, on the forehead on both sides. [RK] was hit by [VM] at least three times. The hits left bruises on both sides of [RK's] forehead.

4. [VM] stopped punching or striking [RK] as soon as Mr. Holmkvist yelled at her and the incident did not require Mr. Holmkvist to further intervene to stop the event. The hitting or striking by [VM] on [RK] likely lasted for less than five seconds.

---

[2] VM also testified that she recalled that when she was hitting RK, RK was hitting back. But the juvenile court found that RK "did not engage in any hitting or aggressive or offensive actions after the backpack hit [VM]," and VM does not challenge this finding of fact, so it is a verity on appeal. Clerk's Papers at 36; *State v. K.H.-H.*, 188 Wn. App. 413, 418, 353 P.3d 661 (2015), *aff'd*, 185 Wn.2d 745, 374 P.3d 1141 (2016) (unchallenged findings of fact are verities on appeal). Accordingly, we do not consider VM's assertion that RK was hitting back when VM struck her.

5.  [RK] did not engage in any hitting or any aggressive or offensive actions after the backpack hit [VM].

6.  [RK] had hit [VM] in the past and [VM] had witnessed [RK] hit others in the school setting in the past.

7.  School records documenting prior discipline of [RK] for assaultive behavior is relevant and probative in the question of self-defense.  [RK's] reputation for being violent or aggressive is potentially probative when considering self-defense, and goes to the reasonable apprehension of danger on the part of [VM] when [RK] lifted her backpack and hit [VM] in the face.

8.  [VM] said that the backpack hitting her in the face did not hurt her; it just made her mad.  *At the time, [VM] subjectively was not fearful of [RK] despite [VM's] knowledge of [RK's] past incidents*.

9.  [VM's] testimony that [RK] hit her back during the altercation is not credible and is inconsistent with Mr. Holmkvist's testimony.

10.  The testimony from Mr. Wilson and Mr. Ishler did not add any probative evidence as to what happened because they did not observe the incident and because the court's conclusions are based on the court's findings regarding what occurred after [RK] struck [VM] with the backpack.

## II.  CONCLUSIONS OF LAW

3.  [VM] acted with knowledge that her fist would make contact with [RK] and would be offensive.  The evidence proved beyond a reasonable doubt that [VM] had the requisite intent, that she knew that hitting [RK[3]] three times on the head would be harmful and offensive to [RK].

4.  The question of self-defense involves the court determining, based upon the findings from the evidence, whether there was a lawful use of force.  The first part is whether [VM] reasonably believed that she was about to be injured, and the second part is whether the force she used was not more than necessary.  The State has the burden of proving that this defense is not present.

5.  When [VM] struck [RK] after being hit in the face by the backpack swung by [RK], *she* responded almost instantaneously but *responded out of anger, not out of fear*.  [RK] did not keep swinging her backpack, and [VM] struck [RK] at least three times.  At that point [VM] became the aggressor[;] [RK] at that time was

---

[3] Although the juvenile court referred to VM here, it is clear that it intended to refer to RK.

lower down in her chair, and the impact of the swings partially pushed [RK] out of her chair.

6. *The force used by [VM] was more than necessary and the State has carried its burden to establish that it was not a lawful use of force.* [VM] was not hurt, she was angry; swinging three times in a downward direction at [RK] was more force than necessary. After 1 swing of the backpack *[VM] did not have a reasonable belief that she was going to be injured*.

7. [*VM] was guilty beyond a reasonable doubt* of Assault in the Fourth Degree.

Clerks Papers (CP) at 35-37 (emphasis added).[4]

VM appeals.

ANALYSIS

Challenging portions of the juvenile court's findings of fact 8 and conclusions of law 5, 6, and 7, VM argues that the juvenile court erred when it rejected her self-defense claim. We disagree.

## I. LEGAL PRINCIPLES

We review a challenge to the sufficiency of the evidence supporting an adjudication of guilt in a juvenile proceeding to determine whether substantial evidence supports the juvenile court's findings of fact and whether the findings of fact support the conclusions of law. *State v. K.H.-H.*, 188 Wn. App. 413, 417-18, 353 P.3d 661 (2015), *aff'd*, 185 Wn.2d 745, 374 P.3d 1141 (2016). We review the juvenile court's conclusions of law de novo. *State v. B.J.S.*, 140 Wn. App. 91, 97, 169 P.3d 34 (2007). As part of this inquiry, "we view the evidence in a light most favorable to the State, and we defer to the trier of fact on issues of conflicting testimony, credibility of the

---

[4] VM assigns error to the italicized portions of the juvenile court's findings of fact and conclusions of law.

witnesses, and the persuasiveness of the evidence." *K.H.-H.*, 188 Wn. App. at 418. And we consider unchallenged findings of fact as verities on appeal. *K.H.-H.*, 188 Wn. App. at 418.

Additionally, we treat findings of fact mislabeled as conclusions of law as findings of fact. *Ives v. Ramsden*, 142 Wn. App. 369, 395 n.11, 174 P.3d 1231 (2008). A finding of fact is a determination that concerns whether the evidence shows that something occurred or existed. *Inland Foundry Co. v. Dep't of Labor & Indus.*, 106 Wn. App. 333, 340, 24 P.3d 424 (2001). A conclusion of law is a determination made by a process of legal reasoning from facts in evidence. *Inland Foundry Co.*, 106 Wn. App. at 340.

## II. SELF-DEFENSE

### A. SELF-DEFENSE TEST

A person acts in self-defense when she reasonably believes that she is about to be injured and uses no more force than necessary "to prevent an offense against his or her person." RCW 9A.16.020(3); *State v. Kyllo*, 166 Wn.2d 856, 863, 215 P.3d 177 (2009). Once a defendant offers some evidence of self-defense, it becomes the State's burden to disprove a defendant's claim of self-defense beyond a reasonable doubt. *State v. Walden*, 131 Wn.2d 469, 473, 932 P.2d 1237 (1997).

### B. NO REASONABLE BELIEF OF THREAT OF INJURY

VM assigns error to the portions of finding of fact 8 and conclusions of law 5, which is more properly considered as a finding of fact, that state that VM was "subjectively . . . not fearful of [RK] despite [VM's] knowledge of [RK's] past incidents," and that VM "responded out of anger not out of fear." CP at 36. VM also challenges the juvenile court's conclusion of law 6, which states that VM did not have a reasonable belief she was going to be injured.

6

VM argues that the juvenile court's findings that she did not subjectively fear injury because she had testified that she was not hurt but, rather, angry, "fails to take into account" the fact that she was injured by the backpack, her testimony that she was afraid RK would hit her with the backpack, and VM's testimony that she believed RK hit her intentionally to provoke a fight. Br. of Appellant at 6. VM further asserts that her testimony that her response to being struck was almost automatic demonstrated that she did not think she had any choice but to hit RK after being struck with the backpack and that she believed that RK would continue to assault her. We disagree.

Taking the evidence in the light most favorable to the State, the challenged portions of finding of fact 8 and conclusion of law 5 are supported by the record and support the conclusion that VM did not reasonably fear she was in danger of being harmed after RK struck her with the backpack. VM's testimony about her fear that RK would hit her with the backpack reflected VM's state of mind *before* being struck with the backpack, not after, and there was no evidence that VM believed RK would continue the assault after striking VM with the backpack. And, most importantly, VM did not testify that she struck RK out of fear that RK would continue the assault. Instead, the evidence, taken in the light most favorable to the State, shows that VM struck RK in retaliation rather than in an attempt to protect herself. For instance, VM admitted that she struck RK because she (VM) was "mad." RP (Mar. 20, 2018) at 119. And Deputy Gylys testified that VM told him that she had struck RK because she was angry.

These facts support the challenged portions of the juvenile court's finding of fact 8 and conclusion of law 5 and support the juvenile court's conclusion that VM was not subjectively fearful she would be injured when she struck RK. Because a claim of self-defense requires that the defendant reasonably believe she is about to be injured, the finding that VM was not

subjectively fearful of injury is alone sufficient to support the juvenile court's rejection of VM's self-defense claim. RCW 9A.16.020(3).

Accordingly, we affirm the juvenile court.[5]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

WORSWICK, P.J.

CRUSER, J.

---

[5] Because the finding that VM was not subjectively fearful is sufficient to support the juvenile court's rejection of VM's self-defense claim, we do not address her argument that the juvenile court erred when it concluded that the force she used was more than necessary.